# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| LAUREN CARTER, by and through her Legal Guardian Gregory Carter, et al., | ) CASE NO.: 1:25-cv-00019 ) |
| Plaintiffs, | ) JUDGE JEFFERY P. HOPKINS ) ) |
| v. | ) ) |
| TAKODA TRAILS aka MILLER HOLDINGS TAKODA INC., | ) **DEFENDANTS' MOTION TO DISMISS** ) ) |
| Defendants. | ) |

NOW COME all Defendants, by and through counsel, and hereby move the Court to dismiss Plaintiffs Lauren Carter and Gregory Carter's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs' 42 U.S.C. Section 1983 claims cannot survive because Defendants are not state actors, and Plaintiffs' Fair Housing Act (FHA) claim cannot survive because they do not allege discrimination because of a handicap or disability. The grounds for this motion are set forth in the attached Memorandum in Support.

Respectfully submitted,

 */s/ Christopher G. Kuhn*
Joseph F. Petros III (0088363)
Christopher G. Kuhn (0082822)
Brendan M. Richard (0085912)
ROLF MARTIN LANG LLP
31105 Bainbridge Road, Suite 4
Cleveland, Ohio 44139
(216) 682-2130 (Telephone)
(216) 682-7623 (Facsimile)
Petros@RolfLaw.com
Kuhn@Rolflaw.com
Richard @RolfLaw.com

*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

### INTRODUCTION

This case is a misguided attempt by Plaintiffs Lauren Carter and Gregory Carter ("Plaintiffs") to bring constitutional, Section 1983, and Fair Housing Act (FHA) claims against a nongovernmental, privately owned disability home and its affiliates. On its face, Plaintiffs' Complaint does not satisfy the basic elements of any of those causes of action, and therefore it must be dismissed.

It is well established that private persons and entities, such as Defendants, are not subject to suit under Section 1983 for an alleged deprivation of rights. It is also well established that mere participation in the Medicare or Medicaid programs, or the receipt of funds from those programs, does not transform a healthcare provider into a state actor for purposes of a Section 1983 claim. Plaintiffs do not allege any facts to indicate that these nongovernmental defendants were somehow exercising state power, and therefore Plaintiffs fail to plead viable Section 1983 claims.

Plaintiffs also fail to plead a viable FHA claim because they do not allege that Defendants (who are in the business of providing housing and services for the disabled) discriminated against Plaintiff Lauren Carter *because of* any disability or handicap. Plaintiffs likewise do not identify any disability or handicap for which Plaintiff Lauren Carter requested an accommodation or that Defendants failed to accommodate. Rather, Plaintiffs expressly complain that Defendants took certain alleged actions because of and in response to the actions of Plaintiff Gregory Carter— whom Plaintiffs do not allege to be disabled or handicapped in any way. Such allegations cannot serve as the basis of an FHA claim, which is available only for alleged discrimination *because of* a disability or handicap.

Plaintiffs are already prosecuting a civil action against Defendants in the Hamilton County Court of Common Pleas for alleged torts stemming from many of the same allegations they make

in this Complaint. Federal law does not provide the causes of action or remedies Plaintiffs are pursuing in this case, and it does not provide Plaintiffs a second venue to litigate over the same alleged acts and omissions that are the subject of their state court action. As a matter of law, Plaintiffs' Complaint fails to state any claim upon which relief can be granted, and it should be dismissed.

## PLAINTIFFS' AVERMENTS

Defendants Takoda Trails aka Miller Holdings Takoda, Inc., CLW aka Creative Learning Workshop a/k/a Empowering People Workshop, Inc., Empowering People Management, Inc., Empowering People, Inc., and Foundations Health Solutions, LLC, are for-profit Ohio companies that, among other things, provide housing, intermediate care, and other services for persons with disabilities. (Compl. ¶¶ 7-11). Defendant Kurt Miller is the president, owner, and CEO of Empowering People Management and the President and CEO of Empowering People, Inc. (Compl. ¶ 12). Beyond Plaintiffs' general, conclusory statement that Defendants "acted under color of law," Plaintiffs' Complaint does not contain any allegations indicating that Defendants are state actors or that they have exercised any power possessed by virtue of state law. Plaintiffs do not allege that the Defendant companies are publicly owned, publicly operated, or that they lease any public property. Plaintiffs also do not allege that Defendants are municipalities or local government entities.

Plaintiff Lauren Carter is a 37-year-old woman with cerebral palsy and cortical blindness who resided at Defendant Takoda Trails' licensed Intermediate Care Facility from 2002 to 2023. (Compl. ¶¶ 13, 15). Plaintiff Gregory Carter is Lauren Carter's father and legal guardian. (Compl. ¶ 5). Laruen Carter's housing and care at Takoda Trails were paid for largely through Medicaid coverage she received. (Compl. ¶ 64).

On or around November 30, 2022, Plaintiffs filed a state court civil lawsuit against Defendants alleging various torts in connection with the care Lauren Carter received at Takoda Trails. (Compl. ¶ 27). Plaintiff Gregory Carter also launched a public and social media campaign against Defendants, accusing them of mistreating Lauren Carter in various ways. (Compl. ¶¶ 28-33, 45). Gregory Carter published pictures from a camera he had placed in Lauren Carter's room on Facebook, on a public website, and via email. (Compl. ¶ 45). On January 18, 2023, Gregory Carter arranged a television interview with a Local12 WKRC TV reporter on Defendants' property just outside the Takoda Trails facility, accusing Defendants of various acts of negligence. (Compl. ¶¶ 28-33).

On January 18, 2023, Defendants provided Plaintiffs notice that Takoda Trails was discharging Lauren Carter from the facility effective February 17, 2023. (Compl. ¶¶ 34-35). The Notice of Discharge stated:

> Takoda Trails has served and supported Lauren since assuming operations on September 1, 2012. Due to your actions as Lauren's legal guardian the home can no longer meet the needs of Lauren without imposing an undue hardship upon the home. Takoda Trails has attempted to communicate with you and continues to serve Lauren after numerous attacks and unfounded accusations.

(Compl. ¶ 35). Plaintiffs allege that Defendants' discharge of and termination of services to Lauren Carter constituted a violation of Lauren Carter and Gregory Carter's constitutional rights under the First and Fourteenth Amendments. (*See* Compl. Counts 1-7, 9-16). Plaintiffs also allege that Defendants' discharge of and termination of services to Lauren Carter amount to a failure to accommodate in violation of the FHA. (*See* Compl. Count 8). However, Plaintiffs do not allege that they requested any accommodation in Takoda Trails' rules, policies, practices, or services for any handicap or disability of Lauren Carter. (*See id.*). They also do not allege that Defendants discriminated against Plaintiff Lauren Carter in any way **because of** a handicap or disability, or

4

that Defendants failed to make an accommodation for any handicap or disability. (*See id.*). Rather, Plaintiffs expressly allege that Defendants' discharge of and termination of services to Lauren Carter was "based upon the acts of a third party, her father, Plaintiff Gregory Carter." (Compl. ¶¶ 102, 111, 122, 134, 138, 162, 173, 199, 218, 233).

## LAW AND ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004); *Mayer*, 988 F.2d at 638. It will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000); *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998).

The Court must grant a motion for dismissal under Rule 12(b)(6) in the absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint, an insurmountable bar to relief indicates that the plaintiff does not have a claim. *Little v. UNUM Provident Corp.*, 196 F. Supp.2d 659, 662 (S.D. Ohio 2002) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)).

5

**B. Plaintiffs' Section 1983 Claims Must Be Dismissed Because Defendants Are Not State Actors.**

Counts 1-7 and 9-16 of Plaintiffs' Complaint are purported claims under 42 U.S.C. Section 1983 for alleged constitutional violations. None of those claims can survive because Defendants are not state actors, and Plaintiffs' Complaint does not set forth any allegations to indicate that Defendants were somehow exercising state power.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 "does not extend to all controversies between individual citizens, but only to deprivations of constitutional rights arising from the actions of persons acting under color of state law." *Palermo v. Rockefeller*, 323 F. Supp. 478, 483 (S.D.N.Y. 1971). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

"[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.*, quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). That is, a defendant in a Section 1983 action must "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West* at 49, quoting *United States v. Classic*, 313 U.S. 299, 326 (1941). "[I]t is the plaintiff's burden ***to plead***, and ultimately establish, the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.'" *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (emphasis added).

6

Notably, a plaintiff cannot survive a motion to dismiss merely by alleging "in conclusory fashion that the defendants were acting under color of law." *Savage v. Chase Bank*, S.D.Ohio No. 2:19-CV-3806, 2019 WL 5304053, *3. Rather, a plaintiff must include "facts in the complaint which would indicate that…nongovernmental defendants were acting under color of state law." *Id.*, citing *Hunt v. Sycamore Community School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008); *see also Shabazz v. Xerox*, S.D.Ohio No. 1:14-CV-578, 2014 WL 4181600, *9 ("To the extent that Plaintiffs allege that the private (non-state) Defendants have operated under 'color of state law,' their conclusory allegation—devoid of supporting facts—is insufficient to state any viable claim."); *Monroe v. Rubenstein*, No. 1:11-CV-325, 2011 WL 7478168, at *2 (S.D. Ohio July 8, 2011), *report and recommendation adopted*, No. 1:11-CV-325, 2012 WL 831844 (S.D. Ohio Mar. 12, 2012), *aff'd* (Nov. 8, 2012) ("Plaintiff's conclusory allegation that the defendants acted under color of state law because they 'worked in active concert' with state officials is insufficient to establish state action in this case. Therefore, plaintiff's complaint fails to state a claim for relief under section 1983 against the defendants."). A Section 1983 claim that does not identify any manner in which the defendant was acting under color of state law not only must be dismissed, but also rises to the level of being frivolous. *Carswell v. Hughes*, 215 F.3d 1325 (6th Cir. 2000) ("Since Carswell has not alleged any other manner in which the defendant was acting under color of state law, his § 1983 claim is frivolous.").

Furthermore, the mere fact that a defendant participates in the Medicaid program, provides services to Medicaid beneficiaries, or receives Medicaid funds is not sufficient to transform the defendant into a "state actor." *See Blum v. Yaretsky*, 457 U.S. 991 (1982); *Fuzie v. Manor Care, Inc.*, 461 F. Supp. 689, 695 (N.D. Ohio 1977); *Dibrill v. Normandy Nursing Ctr.*, No. 4:09CV764-DJS, 2010 WL 387188, at *5 (E.D. Mo. Jan. 26, 2010). Like the case at bar, *Dibrill* involved

7

Section 1983 claims by a disabled Medicaid beneficiary against the long-term care facility where she lived, and certain individual employees. The court granted the defendants' motion to dismiss the Section 1983 claims against them because, despite their participation in the Medicaid program, they were not state actors. The court thoroughly explained:

> [T]hat plaintiff is a Medicaid beneficiary does not sufficiently implicate state involvement; that defendant Normandy receives state funding does not sufficiently implicate state involvement; that defendant Normandy is heavily regulated by the state does not sufficiently implicate state involvement; that plaintiff relied on defendant Normandy for the totality of her care does not sufficiently implicate state involvement; and, although it is alleged that the State bore an affirmative obligation to provide adequate medical care to plaintiff and delegated this obligation to defendant Normandy, the serves [sic] provided by a nursing home are not those traditionally the exclusive prerogative of the State. Accordingly, even accepting all of the allegations set forth in the second amended complaint as true, the Court finds that plaintiff fails to establish that defendants Normandy, Kaufmann, and Mayes were state actors, a necessary element to maintain a claim under 42 U.S.C. § 1983.

*Id.*

Defendants in this case are private, for-profit Ohio companies and an individual Ohio citizen. Plaintiffs have not set forth any allegations whatsoever to indicate that Defendants are state actors, that they have exercised power possessed by virtue of state law, or that they are somehow clothed with the authority of state law. Plaintiffs' Complaint includes nothing more than the mere conclusory statement that Defendants "acted under color of law." As shown above, this Court has found numerous times that this conclusory statement is insufficient for a plaintiff to survive a motion to dismiss Section 1983 claims. Likewise, Defendants' mere participation in the Medicaid program, provision of services to Medicaid beneficiaries, receipt of Medicaid funds, or regulation by the Ohio Department of Developmental Disabilities (DODD) are insufficient to transform them into state actors. It was Plaintiffs' burden to plead facts to indicate that Defendants were acting under color of state law and that there was 'a real nexus' between Defendants' alleged conduct and

8

some 'badge' of state authority. Plaintiffs have entirely failed to do so, and therefore their Section 1983 claims must be dismissed as a matter of law.

### C. Plaintiffs Fail to Plead a Viable FHA Failure-to-Accommodate Claim.

Count 8 of Plaintiffs' Complaint for an alleged failure to accommodate under the FHA likewise cannot survive because Plaintiffs do not allege that Defendants discriminated against them in any way ***because of*** a handicap or disability, that Plaintiffs requested any accommodation, or that Defendants' alleged failure to accommodate had anything to do with Plaintiff Lauren Carter's handicap or disability. Absent such allegations, Plaintiffs' FHA claim is not viable and must be dismissed.

The FHA prohibits discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." *Phillips v. Acacia on the Green Condo. Ass'n, Inc.*, No. 20-4182, 2022 WL 1692948, at *2 (6th Cir. May 26, 2022), quoting 42 U.S.C. § 3604(f)(2). "Discrimination" includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling." *Id.*, quoting 42 U.S.C. § 3604(f)(3)(B). To establish a reasonable-accommodation discrimination claim, a plaintiff must show that "(1) she suffers from a disability (as the Act defines it); (2) she requested a reasonable accommodation or modification of the 'rules, policies, practices, or services' relating to the use or enjoyment of a dwelling; (3) the housing provider refused the accommodation; and (4) the housing provider 'knew or should have known of the disability at the time of the refusal.'" *Davis v. Echo Valley Condo. Ass'n*, 349 F. Supp. 3d 645, 657 (E.D. Mich. 2018), *aff'd*, 945 F.3d 483 (6th Cir. 2019), quoting *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 541 (6th Cir. 2014).

9

In order to plead a viable FHA discrimination claim, a plaintiff must allege a connection between his or her disability and the alleged discrimination. *Spavone v. Transitional Servs. of New York Supportive Hous. Program (TSI)*, No. 16-CV-1219 (MKB), 2016 WL 2758269, at *5 (E.D.N.Y. May 12, 2016). "Such a connection is necessary in order to state a claim of intentional discrimination, as Plaintiff must allege that the discrimination is due to his disability." *Id.* Likewise, to plead a viable failure-to-accommodate claim, "[t]he plaintiff's disability must cause the need for an accommodation in the 'rules, policies, practices, or services.'" *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1190–91 (9th Cir. 2021). In other words, "there must be a "causal link" between the requested accommodation and the plaintiff's disability." *Id.* "[W]here allegations concerning the requisite nexus between the plaintiffs' medical conditions and the requested accommodation is lacking, the defendant is under no obligation to provide the accommodation and the FHA inquiry ends." *Johnson v. Guardian Mgmt.*, No. 3:21-CV-1439-JR, 2022 WL 981324, at *3 (D. Or. Mar. 15, 2022), *report and recommendation adopted*, No. 3:21-CV-00947-JR, 2022 WL 980745 (D. Or. Mar. 31, 2022), citing *Howard* at 1190-91 and *Groner v. Golden Gate Gardens Apartments*, 250 F.3d 1039, 1047 (6th Cir. 2001).

Here, Plaintiffs have not alleged that they requested an accommodation for any handicap or disability—a necessary element to plead an FHA failure-to-accommodate claim. Indeed, Plaintiffs do not allege that they made any request for accommodation ***at all***. They also do not allege that Defendants discriminated against Plaintiff Lauren Carter in any way ***because of*** her handicap or disability. To the contrary, the very nature of Defendants' business is to provide housing and services to people with disabilities.

To the extent Plaintiffs complain about Defendants' decision to discharge Plaintiff Lauren Carter, Plaintiffs do not allege that the discharge had anything to do with Ms. Carter's handicap or

10

disability. Rather, Plaintiffs expressly allege that "[a]ll of the discrimination and retaliation as to Plaintiff Lauren Carter…were based upon the acts of a third party, her father, Plaintiff Gregory Carter." (Compl. ¶ 218). Given Plaintiffs' admission that Ms. Carter's discharge had nothing to do with her handicap or disability, and had everything to do with the acts of her father, they clearly cannot sustain a claim under the FHA. Because Plaintiffs have not alleged that they made any request for accommodation, and have not alleged any connection between a requested accommodation and Plaintiff Lauren Carter's handicap or disability, Plaintiffs' FHA failure-to-accommodate claim must be dismissed.

## CONCLUSION

On its face, Plaintiffs' Complaint fails to set forth viable claims against Defendants under Section 1983 or the FHA. Plaintiffs fail to state a claim upon which relief can be granted, and their Complaint should be dismissed as a matter of law.

Respectfully submitted,

/s/ Christopher G. Kuhn
Joseph F. Petros III (0088363)
Christopher G. Kuhn (0082822)
Brendan M. Richard (0085912)
ROLF MARTIN LANG LLP
31105 Bainbridge Road, Suite 4
Cleveland, Ohio 44139
(216) 682-2130 (Telephone)
(216) 682-7623 (Facsimile)
Petros@RolfLaw.com
Kuhn@Rolflaw.com
Richard @RolfLaw.com

*Attorneys for Defendants*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed, and the Parties were served via this Court's electronic filing system on March 14, 2025.  A courtesy copy was also served via email upon the following:

Michela Huth
Michelahuth.esq@gmail.com

Richard Bruce Rosenthal
richard@thedoglawyer.com

*Attorneys for Plaintiffs*

>*/s/ Christopher G. Kuhn*
>Christopher G. Kuhn (0082822)