## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

LAUREN CARTER, by and through her
Legal Guardian Gregory Carter, *et al.*,

        Plaintiffs,

v.

TAKODA TRAILS aka MILLER
HOLDINGS TAKODA INC., *et al.*,

        Defendants.

)  CASE NO. 1:25-cv-00019
)
)  JUDGE JEFFERY P. HOPKINS
)
)
)
)  **DEFENDANTS' JOINT ANSWER TO**
)  **PLAINTIFFS' AMENDED COMPLAINT**
)
)  *JURY DEMAND ENDORSED HEREON*
)
)

NOW COME all Defendants, by and through counsel, and hereby provide the following Joint Answer to Plaintiffs' Amended Complaint:

### JURISDICTION AND VENUE

1.    Paragraph 1 of Plaintiffs' Amended Complaint is a statement of the nature of this action to which no answer is required. To the extent an answer is required, Defendants deny the averments in Paragraph 1 of Plaintiffs' Amended Complaint.

2.    Defendants admit the averments in Paragraph 2 of Plaintiffs' Amended Complaint.

3.    Defendants admit the averments in Paragraph 3 of Plaintiffs' Amended Complaint.

4.    Defendants admit the averments in Paragraph 4 of Plaintiffs' Amended Complaint.

### PARTIES

5.    Defendants admit the averments in Paragraph 5 of Plaintiffs' Amended Complaint.

6.    Defendants admit the averments in Paragraph 6 of Plaintiffs' Amended Complaint.

7.    Defendants admit that, at the relevant time, Defendant Takoda Trails aka Miller Holdings Takoda, Inc. was an Ohio corporation that did business as Takoda Trails aka Miller Holdings Takoda, Inc; that until 2012, Takoda Trails was known as the Fairfield Center; and that Defendant Takoda Trails was a licensed Intermediate Care Facility (ICF) licensed by the state of

Ohio and the Federal government. Defendants deny the remaining averments in Paragraph 7 of Plaintiffs' Amended Complaint.

8. Defendants admit that Defendant CLW aka Creative Learning Workshop aka Empowering People Workshop, Inc. is an Ohio corporation that does business as CLW aka Creative Learning Workshop aka Empowering People Workshop, Inc., and that CLW is also owned by Empowering People, Inc. Defendants deny the remaining averments in Paragraph 8 of Plaintiffs' Amended Complaint.

9. Defendants admit that Defendant Empowering People Management, Inc. is an Ohio corporation that does business as Empowering People Management, Inc. Defendants deny the remaining averments in Paragraph 9 of Plaintiffs' Amended Complaint.

10. Defendants admit that Defendant Empowering People, Inc., is an Ohio corporation. Defendants deny the remaining averments in Paragraph 10 of Plaintiffs' Amended Complaint.

11. Defendants admit that Defendant Foundations Health Solutions, LLC is an Ohio corporation. Defendants deny the remaining averments in Paragraph 11 of Plaintiffs' Amended Complaint.

12. Defendants admit that Defendant Kurt A. Miller is the president, owner, and CEO of Empowering People Management, and the President and CEO of Empowering People, Inc. Defendants deny the remaining averments in Paragraph 12 of Plaintiffs' Amended Complaint.

**FACTUAL ALLEGATIONS RELEVANT TO THE CAUSES OF ACTION**

13. Defendants admit the averments in Paragraph 13 of Plaintiffs' Amended Complaint.

14. Defendants admit the averments in Paragraph 14 of Plaintiffs' Amended Complaint.

15. Defendants admit the averments in Paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendants deny the averments in Paragraph 16 of Plaintiffs' Amended Complaint.

17. Defendants deny the averments in Paragraph 17 of Plaintiffs' Amended Complaint.

18.     Defendants deny the averments in Paragraph 18 of Plaintiffs' Amended Complaint.

19.     Defendants deny the averments in Paragraph 19 of Plaintiffs' Amended Complaint.

20.     Defendants deny the averments in Paragraph 20 of Plaintiffs' Amended Complaint.

21.     Defendants deny the averments in Paragraph 21 of Plaintiffs' Amended Complaint.

22.     Defendants deny the averments in Paragraph 22 of Plaintiffs' Amended Complaint.

23.     Defendants admit that Lauren's clavicle was broken. Defendants are without knowledge or information as to the truth of the remaining averments in Paragraph 23 of Plaintiffs' Amended Complaint and therefore deny the same.

24.     Defendants admit that Lauren was hospitalized with a bowel obstruction. Defendants deny the remaining averments in Paragraph 24 of Plaintiffs' Amended Complaint.

25.     Defendants deny the averments in Paragraph 25 of Plaintiffs' Amended Complaint.

26.     Defendants deny the averments in Paragraph 26 of Plaintiffs' Amended Complaint.

27.     Defendants admit that Greg and Lauren Carter filed a state court civil tort lawsuit against Defendants on November 30, 2022. Defendants deny the remaining averments in Paragraph 27 of Plaintiffs' Amended Complaint.

28.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 28 of Plaintiffs' Amended Complaint and therefore deny the same.

29.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 29 of Plaintiffs' Amended Complaint and therefore deny the same.

30.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 30 of Plaintiffs' Amended Complaint and therefore deny the same.

31.     Defendants admit the averments in Paragraph 31 of Plaintiffs' Amended Complaint.

32.     Defendants admit the averments in Paragraph 32 of Plaintiffs' Amended Complaint.

33.     Defendants admit the averments in Paragraph 33 of Plaintiffs' Amended Complaint.

34.     Defendants admit the averments in Paragraph 34 of Plaintiffs' Amended Complaint.

35.     Defendants admit the averments in Paragraph 35 of Plaintiffs' Amended Complaint.

36.     Defendants admit the averments in Paragraph 36 of Plaintiffs' Amended Complaint.

37.     Defendants admit the averments in Paragraph 37 of Plaintiffs' Amended Complaint.

38.     Defendants admit the averments in Paragraph 38 of Plaintiffs' Amended Complaint.

39.     Defendants admit the averments in Paragraph 39 of Plaintiffs' Amended Complaint.

40.     Defendants deny the averments in Paragraph 40 of Plaintiffs' Amended Complaint.

41.     Defendants deny the averments in Paragraph 41 of Plaintiffs' Amended Complaint.

42.     Defendants state the Notice of Discharge speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 42 of Plaintiffs' Amended Complaint.

43.     Defendants deny the averments in Paragraph 43 of Plaintiffs' Amended Complaint.

44.     Defendants deny the averments in Paragraph 44 of Plaintiffs' Amended Complaint.

45.     Defendants deny the averments in Paragraph 45 of Plaintiffs' Amended Complaint.

4

46.     Defendants state that Ohio Administrative Code Section 5123-3-05(C) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 46 of Plaintiffs' Amended Complaint.

47.     Defendants deny the averments in Paragraph 47 of Plaintiffs' Amended Complaint.

48.     Defendants deny the averments in Paragraph 48 of Plaintiffs' Amended Complaint.

49.     Defendants deny the averments in Paragraph 49 of Plaintiffs' Amended Complaint.

50.     Defendants deny the averments in Paragraph 50 of Plaintiffs' Amended Complaint.

51.     Defendants state that Ohio Administrative Code Section 5123-3-05(C)(3) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 51 of Plaintiffs' Amended Complaint.

52.     Defendants deny the averments in Paragraph 52 of Plaintiffs' Amended Complaint.

53.     Defendants deny the averments in Paragraph 53 of Plaintiffs' Amended Complaint.

54.     Defendants deny the averments in Paragraph 54 of Plaintiffs' Amended Complaint.

55.     Defendants deny the averments in Paragraph 55 of Plaintiffs' Amended Complaint.

56.     Defendants deny the averments in Paragraph 56 of Plaintiffs' Amended Complaint.

57.     Defendants state that Ohio Administrative Code Section 5123-3-05(G) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 57 of Plaintiffs' Amended Complaint.

58.     Defendants deny the averments in Paragraph 58 of Plaintiffs' Amended Complaint.

59.     Defendants state that Ohio Administrative Code Section 5123-3-05(B)(12) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 59 of Plaintiffs' Amended Complaint.

60.     Defendants state that Ohio Administrative Code Section 5123-3-05(B)(13) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 60 of Plaintiffs' Amended Complaint.

61.     Defendants deny the averments in Paragraph 61 of Plaintiffs' Amended Complaint.

62.     Defendants state that Ohio Administrative Code Section 5123-3-06 speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 62 of Plaintiffs' Amended Complaint.

63.     Defendants deny the averments in Paragraph 63 of Plaintiffs' Amended Complaint.

64.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 64 of Plaintiffs' Amended Complaint and therefore deny the same.

65.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 65 of Plaintiffs' Amended Complaint and therefore deny the same.

66.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 66 of Plaintiffs' Amended Complaint and therefore deny the same.

67.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 67 of Plaintiffs' Amended Complaint and therefore deny the same.

68.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 68 of Plaintiffs' Amended Complaint and therefore deny the same.

69.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 69 of Plaintiffs' Amended Complaint and therefore deny the same.

70.     Defendants state that Ohio Administrative Code Section 5123-3- 05(3)(a)(iii) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 70 of Plaintiffs' Amended Complaint.

6

71. Paragraph 71 of Plaintiffs' Amended Complaint is a question—not an averment that can be admitted or denied. To the extent an answer is required, Defendants deny the averments in Paragraph 71 of Plaintiffs' Amended Complaint.

72. Paragraph 72 of Plaintiffs' Amended Complaint is a question—not an averment that can be admitted or denied. To the extent an answer is required, Defendants deny the averments in Paragraph 72 of Plaintiffs' Amended Complaint.

73. Defendants are without knowledge or information as to the truth of the averments in Paragraph 73 of Plaintiffs' Amended Complaint and therefore deny the same.

74. Defendants are without knowledge or information as to the truth of the averments in Paragraph 74 of Plaintiffs' Amended Complaint and therefore deny the same.

75. Defendants are without knowledge or information as to the truth of the averments in Paragraph 75 of Plaintiffs' Amended Complaint and therefore deny the same.

76. Defendants are without knowledge or information as to the truth of the averments in Paragraph 76 of Plaintiffs' Amended Complaint and therefore deny the same.

77. Defendants are without knowledge or information as to the truth of the averments in Paragraph 77 of Plaintiffs' Amended Complaint and therefore deny the same.

78. Defendants state that Ohio Administrative Code Section 5123-3-06(G) and (C) speaks for themselves. To the extent an answer is required, Defendants deny the averments in Paragraph 78 of Plaintiffs' Amended Complaint.

79. Defendants are without knowledge or information as to the truth of the averments in Paragraph 79 of Plaintiffs' Amended Complaint and therefore deny the same.

80. Defendants state that Ohio Revised Code Section 5123.19(K) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 80 of Plaintiffs' Amended Complaint.

81. Defendants state that Ohio Revised Code Section 5123.19(K) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 81 of Plaintiffs' Amended Complaint.

82. Defendants are without knowledge or information as to the truth of the averments in Paragraph 82 of Plaintiffs' Amended Complaint and therefore deny the same.

83. Defendants are without knowledge or information as to the truth of the averments in Paragraph 83 of Plaintiffs' Amended Complaint and therefore deny the same.

84. Defendants are without knowledge or information as to the truth of the averments in Paragraph 84 of Plaintiffs' Amended Complaint and therefore deny the same.

85. Defendants are without knowledge or information as to the truth of the averments in Paragraph 85 of Plaintiffs' Amended Complaint and therefore deny the same.

86. Defendants are without knowledge or information as to the truth of the averments in Paragraph 86 of Plaintiffs' Amended Complaint and therefore deny the same.

87. Defendants state that Ohio Administrative Code Section 5123-3-06(A) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 87 of Plaintiffs' Amended Complaint.

88. Defendants state that Ohio Administrative Code Section 5123-3-06(A) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 88 of Plaintiffs' Amended Complaint.

89. Defendants deny the averments in Paragraph 89 of Plaintiffs' Amended Complaint.

90.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 90 of Plaintiffs' Amended Complaint and therefore deny the same.

91.     Defendants deny the averments in Paragraph 91 of Plaintiffs' Amended Complaint.

92.     Defendants state that Ohio Administrative Code Section 5123-3-05(C)(6) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 92 of Plaintiffs' Amended Complaint.

93.     Defendants deny the averments in Paragraph 93 of Plaintiffs' Amended Complaint.

94.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 94 of Plaintiffs' Amended Complaint and therefore deny the same.

95.     Defendants deny the averments in Paragraph 95 of Plaintiffs' Amended Complaint.

96.     Defendants deny the averments in Paragraph 96 of Plaintiffs' Amended Complaint.

97.     Defendants deny the averments in Paragraph 97 of Plaintiffs' Amended Complaint.

98.     Defendants are without knowledge or information as to the truth of the averments in Paragraph 98 of Plaintiffs' Amended Complaint and therefore deny the same.

99.     Defendants state that Ohio Revised Code Section 5123.62(I) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 99 of Plaintiffs' Amended Complaint.

100.    Defendants state that Ohio Revised Code Section 5123.62(U) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 100 of Plaintiffs' Amended Complaint.

101.    Defendants state that Ohio Revised Code Section 5123.67 speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 101 of Plaintiffs' Amended Complaint.

102. Defendants state that 42 CFR § 483.420(a)(3) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 102 of Plaintiffs' Amended Complaint.

103. Defendants are without knowledge or information as to the truth of the averments in Paragraph 103 of Plaintiffs' Amended Complaint and therefore deny the same.

104. Defendants admit the averments in Paragraph 104 of Plaintiffs' Amended Complaint.

105. Defendants are without knowledge or information as to the truth of the averments in Paragraph 105 of Plaintiffs' Amended Complaint and therefore deny the same.

106. Defendants are without knowledge or information as to the truth of the averments in Paragraph 106 of Plaintiffs' Amended Complaint, which are overly vague, and therefore Defendants deny the same.

107. Defendants are without knowledge or information as to the truth of the averments in Paragraph 107 of Plaintiffs' Amended Complaint, which are overly vague, and therefore Defendants deny the same.

108. Defendants deny the averments in Paragraph 108 of Plaintiffs' Amended Complaint.

109. Defendants deny the averments in Paragraph 109 of Plaintiffs' Amended Complaint.

110. Defendants deny the averments in Paragraph 110 of Plaintiffs' Amended Complaint.

111. Defendants are without knowledge or information as to the truth of the averments in Paragraph 111 of Plaintiffs' Amended Complaint and therefore deny the same.

112. Defendants deny the averments in Paragraph 112 of Plaintiffs' Amended Complaint.

113. Defendants are without knowledge or information as to the truth of the averments in Paragraph 113 of Plaintiffs' Amended Complaint and therefore deny the same.

114. Defendants deny the averments in Paragraph 114 of Plaintiffs' Amended Complaint.

115. Defendants are without knowledge or information as to the truth of the averments in Paragraph 115 of Plaintiffs' Amended Complaint, which are overly vague, and therefore Defendants deny the same.

116. Defendants are without knowledge or information as to the truth of the averments in Paragraph 116 of Plaintiffs' Amended Complaint, which are overly vague, and therefore Defendants deny the same.

117. Defendants admit the averments in Paragraph 117 of Plaintiffs' Amended Complaint.

118. Defendants are without knowledge or information as to the truth of the averments in Paragraph 118 of Plaintiffs' Amended Complaint, which are overly vague, and therefore Defendants deny the same.

119. Defendants state that Ohio Revised Code Section 5162.03 speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 119 of Plaintiffs' Amended Complaint.

120. Defendants admit the averments in Paragraph 120 of Plaintiffs' Amended Complaint.

11

121.    Defendants admit that, pursuant to provider agreements, ICFs are obligated to meet federal certification standards, verified through surveys. Defendants deny the remaining averments in Paragraph 121 of Plaintiffs' Amended Complaint.

122.    Defendants admit the averments in Paragraph 122 of Plaintiffs' Amended Complaint.

123.    Defendants admit that the Social Security Act governs the Medicaid program and allows states to contract with ICFs. Defendants deny the remaining averments in Paragraph 123 of Plaintiffs' Amended Complaint.

124.    Defendants admit the averments in Paragraph 124 of Plaintiffs' Amended Complaint.

125.    Defendants admit the averments in Paragraph 125 of Plaintiffs' Amended Complaint.

126.    Defendants state that Ohio Revised Code Chapter 5123 speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 126 of Plaintiffs' Amended Complaint.

125.    [*Sic.*] Defendants state that Ohio Revised Code Section 5165.77 speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 125 [*sic.*] of Plaintiffs' Amended Complaint.

126.    [*Sic.*] Defendants state that the statutes speak for themselves. To the extent an answer is required, Defendants deny the averments in Paragraph 126 [*sic.*] of Plaintiffs' Amended Complaint.

12

127. Defendants state that the Ohio Administrative Code speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 127 of Plaintiffs' Amended Complaint.

128. Defendants state that Ohio Administrative Code Chapter 5123-3 speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 128 of Plaintiffs' Amended Complaint.

129. Defendants admit the averments in Paragraph 129 of Plaintiffs' Amended Complaint.

130. Defendants state that Ohio Revised Code Sections 5165.01 *et seq*. speak for themselves. To the extent an answer is required, Defendants deny the averments in Paragraph 130 of Plaintiffs' Amended Complaint.

131. Defendants admit the averments in Paragraph 131 of Plaintiffs' Amended Complaint.

132. Defendants state that Ohio Revised Code Section 5123.19 speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 132 of Plaintiffs' Amended Complaint.

133. Defendants state that Ohio Revised Code Section 2744.01(C)(2)(o) speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 133 of Plaintiffs' Amended Complaint.

134. Defendants deny the averments in Paragraph 134 of Plaintiffs' Amended Complaint.

135. Defendants deny the averments in Paragraph 135 of Plaintiffs' Amended Complaint.

13

136. Defendants deny the averments in Paragraph 136 of Plaintiffs' Amended Complaint.

137. Defendants are without knowledge or information as to the truth of the averments in Paragraph 137 of Plaintiffs' Amended Complaint and therefore deny the same.

138. Defendants deny the averments in Paragraph 138 of Plaintiffs' Amended Complaint.

139. Defendants deny the averments in Paragraph 139 of Plaintiffs' Amended Complaint.

140. Defendants are without knowledge or information as to the truth of the averments in Paragraph 140 of Plaintiffs' Amended Complaint, which are overly vague, and therefore Defendants deny the same.

141. Defendants deny the averments in Paragraph 141 of Plaintiffs' Amended Complaint.

142. Defendants deny the averments in Paragraph 142 of Plaintiffs' Amended Complaint.

143. Defendants deny the averments in Paragraph 143 of Plaintiffs' Amended Complaint.

144. Defendants deny the averments in Paragraph 144 of Plaintiffs' Amended Complaint.

145. Defendants deny the averments in Paragraph 145 of Plaintiffs' Amended Complaint.

146. Defendants deny the averments in Paragraph 146 of Plaintiffs' Amended Complaint.

147. Defendants deny the averments in Paragraph 147 of Plaintiffs' Amended Complaint.

148. Defendants deny the averments in Paragraph 148 of Plaintiffs' Amended Complaint.

149. Defendants deny the averments in Paragraph 149 of Plaintiffs' Amended Complaint.

150. Defendants deny the averments in Paragraph 150 of Plaintiffs' Amended Complaint.

151. Defendants are without knowledge or information as to the truth of the averments in Paragraph 151 of Plaintiffs' Amended Complaint and therefore deny the same.

152. Defendants deny the averments in Paragraph 152 of Plaintiffs' Amended Complaint.

153. Defendants deny the averments in Paragraph 153 of Plaintiffs' Amended Complaint.

154. Defendants deny the averments in Paragraph 154 of Plaintiffs' Amended Complaint.

155. Defendants deny the averments in Paragraph 155 of Plaintiffs' Amended Complaint.

156. Defendants deny the averments in Paragraph 156 of Plaintiffs' Amended Complaint.

157. Defendants deny the averments in Paragraph 157 of Plaintiffs' Amended Complaint.

158. Defendants deny the averments in Paragraph 158 of Plaintiffs' Amended Complaint.

159. Defendants deny the averments in Paragraph 159 of Plaintiffs' Amended Complaint.

160. Defendants deny the averments in Paragraph 160 of Plaintiffs' Amended Complaint.

161. Defendants are without knowledge or information as to the truth of the averments in Paragraph 161 of Plaintiffs' Amended Complaint and therefore deny the same.

162. Defendants deny the averments in Paragraph 162 of Plaintiffs' Amended Complaint.

163. Defendants deny the averments in Paragraph 163 of Plaintiffs' Amended Complaint.

164. Defendants deny the averments in Paragraph 164 of Plaintiffs' Amended Complaint.

165. Defendants deny the averments in Paragraph 165 of Plaintiffs' Amended Complaint.

166. Defendants deny the averments in Paragraph 166 of Plaintiffs' Amended Complaint.

167. Defendants are without knowledge or information as to the truth of the averments in Paragraph 167 of Plaintiffs' Amended Complaint, which are overly vague, and therefore Defendants deny the same.

168. Defendants deny the averments in Paragraph 168 of Plaintiffs' Amended Complaint.

169. Defendants deny the averments in Paragraph 169 of Plaintiffs' Amended Complaint.

170. Defendants deny the averments in Paragraph 170 of Plaintiffs' Amended Complaint.

171. Defendants deny the averments in Paragraph 171 of Plaintiffs' Amended Complaint.

172. Defendants deny the averments in Paragraph 172 of Plaintiffs' Amended Complaint.

173. Defendants admit that Defendants discharged Lauren Carter from Takoda Trails on February 17, 2023. Defendants deny the remaining averments in Paragraph 173 of Plaintiffs' Amended Complaint.

174. Defendants are without knowledge or information as to the truth of the averments in Paragraph 174 of Plaintiffs' Amended Complaint and therefore deny the same.

175. Defendants are without knowledge or information as to the truth of the averments in Paragraph 175 of Plaintiffs' Amended Complaint and therefore deny the same.

176. Defendants are without knowledge or information as to the truth of the averments in Paragraph 176 of Plaintiffs' Amended Complaint and therefore deny the same.

177. Defendants deny the averments in Paragraph 177 of Plaintiffs' Amended Complaint.

178. Defendants deny the averments in Paragraph 178 of Plaintiffs' Amended Complaint.

179. Defendants deny the averments in Paragraph 179 of Plaintiffs' Amended Complaint.

17

180.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 180 of Plaintiffs' Amended Complaint and therefore deny the same.

181.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 181 of Plaintiffs' Amended Complaint and therefore deny the same.

182.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 182 of Plaintiffs' Amended Complaint and therefore deny the same.

183.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 183 of Plaintiffs' Amended Complaint and therefore deny the same.

184.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 184 of Plaintiffs' Amended Complaint and therefore deny the same.

185.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 185 of Plaintiffs' Amended Complaint and therefore deny the same.

186.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 186 of Plaintiffs' Amended Complaint and therefore deny the same.

187.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 187 of Plaintiffs' Amended Complaint and therefore deny the same.

188.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 188 of Plaintiffs' Amended Complaint and therefore deny the same.

189.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 189 of Plaintiffs' Amended Complaint and therefore deny the same.

190.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 190 of Plaintiffs' Amended Complaint and therefore deny the same.

191.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 191 of Plaintiffs' Amended Complaint and therefore deny the same.

192.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 192 of Plaintiffs' Amended Complaint and therefore deny the same.

193.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 193 of Plaintiffs' Amended Complaint and therefore deny the same.

194.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 194 of Plaintiffs' Amended Complaint and therefore deny the same.

195.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 195 of Plaintiffs' Amended Complaint and therefore deny the same.

196.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 196 of Plaintiffs' Amended Complaint and therefore deny the same.

197.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 197 of Plaintiffs' Amended Complaint and therefore deny the same.

198.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 198 of Plaintiffs' Amended Complaint and therefore deny the same.

199.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 199 of Plaintiffs' Amended Complaint and therefore deny the same.

200.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 200 of Plaintiffs' Amended Complaint and therefore deny the same.

201.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 201 of Plaintiffs' Amended Complaint and therefore deny the same.

202. Defendants are without knowledge or information as to the truth of the averments in Paragraph 202 of Plaintiffs' Amended Complaint and therefore deny the same.

203. Defendants are without knowledge or information as to the truth of the averments in Paragraph 203 of Plaintiffs' Amended Complaint and therefore deny the same.

204. Defendants are without knowledge or information as to the truth of the averments in Paragraph 204 of Plaintiffs' Amended Complaint and therefore deny the same.

205. Defendants are without knowledge or information as to the truth of the averments in Paragraph 205 of Plaintiffs' Amended Complaint and therefore deny the same.

206. Defendants are without knowledge or information as to the truth of the averments in Paragraph 206 of Plaintiffs' Amended Complaint and therefore deny the same.

207. Defendants are without knowledge or information as to the truth of the averments in Paragraph 207 of Plaintiffs' Amended Complaint and therefore deny the same.

208. Defendants deny the averments in Paragraph 208 of Plaintiffs' Amended Complaint.

209. Defendants are without knowledge or information as to the truth of the averments in Paragraph 209 of Plaintiffs' Amended Complaint and therefore deny the same.

210. Defendants are without knowledge or information as to the truth of the averments in Paragraph 210 of Plaintiffs' Amended Complaint and therefore deny the same.

211. Defendants are without knowledge or information as to the truth of the averments in Paragraph 211 of Plaintiffs' Amended Complaint and therefore deny the same.

212. Defendants are without knowledge or information as to the truth of the averments in Paragraph 212 of Plaintiffs' Amended Complaint and therefore deny the same.

213. Defendants are without knowledge or information as to the truth of the averments in Paragraph 213 of Plaintiffs' Amended Complaint and therefore deny the same.

214. Defendants are without knowledge or information as to the truth of the averments in Paragraph 214 of Plaintiffs' Amended Complaint and therefore deny the same.

215. Defendants are without knowledge or information as to the truth of the averments in Paragraph 215 of Plaintiffs' Amended Complaint and therefore deny the same.

216. Defendants are without knowledge or information as to the truth of the averments in Paragraph 216 of Plaintiffs' Amended Complaint and therefore deny the same.

217. Defendants are without knowledge or information as to the truth of the averments in Paragraph 217 of Plaintiffs' Amended Complaint and therefore deny the same.

218. Defendants are without knowledge or information as to the truth of the averments in Paragraph 218 of Plaintiffs' Amended Complaint, which are overly vague and do not sufficiently identify the referenced "MUI's", and therefore Defendants deny the same.

219. Defendants are without knowledge or information as to the truth of the averments in Paragraph 219 of Plaintiffs' Amended Complaint and therefore deny the same.

220. Defendants are without knowledge or information as to the truth of the averments in Paragraph 220 of Plaintiffs' Amended Complaint and therefore deny the same.

221. Defendants deny the averments in Paragraph 221 of Plaintiffs' Amended Complaint.

222. Defendants are without knowledge or information as to the truth of the averments in Paragraph 222 of Plaintiffs' Amended Complaint and therefore deny the same.

223. Defendants deny the averments in Paragraph 223 of Plaintiffs' Amended Complaint.

224.    Defendants admit that the actions of Gregory Carter led to the need to discharge Lauren Carter. Defendants deny the remaining averments in Paragraph 224 of Plaintiffs' Amended Complaint.

225.    Defendants deny the averments in Paragraph 225 of Plaintiffs' Amended Complaint.

## FIRST THROUGH SEVENTH CAUSES OF ACTION

226.    Plaintiffs' First through Seventh Causes of Action, Paragraphs 226 through 324 of Plaintiffs' Amended Complaint, have been dismissed by the Court pursuant to Fed.R.Civ.P. 12(b)(6) and therefore do not require an answer. To the extent any answer is still required, Defendants incorporate their answers to the preceding paragraphs as if fully rewritten herein and deny the averments in Paragraphs 226 through 324 of Plaintiffs' Amended Complaint.

## EIGHTH CAUSE OF ACTION
### 42 U.S.C. § 3604 of the Fair Housing Act
### Failure to Accommodate

227.    Defendants incorporate their answers to the preceding paragraphs as if fully rewritten herein.

228.    Defendants deny the averments in Paragraph 326 of Plaintiffs' Amended Complaint.

229.    Defendants deny the averments in Paragraph 327 of Plaintiffs' Amended Complaint.

230.    Defendants state that Section 3615 of the FHA speaks for itself. To the extent an answer is required, Defendants deny the averments in Paragraph 328 of Plaintiffs' Amended Complaint.

22

231. Defendants deny the averments in Paragraph 329 of Plaintiffs' Amended Complaint.

232. Defendants are without knowledge or information as to the truth of the averments in Paragraph 330 of Plaintiffs' Amended Complaint, which are overly vague, and therefore Defendants deny the same.

233. Defendants deny the averments in Paragraph 331 of Plaintiffs' Amended Complaint.

234. Defendants are without knowledge or information as to the truth of the averments in Paragraph 332 of Plaintiffs' Amended Complaint and therefore deny the same.

235. Defendants deny the averments in Paragraph 333 of Plaintiffs' Amended Complaint.

236. Defendants admit that Lauren Carter is disabled, and that they hypothetically could have been required to make certain reasonable accommodations in rules, policies, practices, or services if such reasonable accommodation(s) had been requested, if there was a nexus between the requested accommodation(s) and Lauren Carter's disability, and if the requested accommodation(s) were necessary for Lauren Carter to have an equal opportunity to use and enjoy a dwelling due to her disability. Defendants deny the remaining averments in Paragraph 334 of Plaintiffs' Amended Complaint.

237. Defendants deny the averments in Paragraph 335 of Plaintiffs' Amended Complaint.

238. Defendants state that 42 U.S.C. §§ 3604(f)(2), (f)(3)(B) speak for themselves. To the extent an answer is required, Defendants deny the averments in Paragraph 336 of Plaintiffs' Amended Complaint.

23

239.    Defendants deny the averments in Paragraph 337 of Plaintiffs' Amended Complaint.

240.    Defendants admit that they discharged Lauren Carter. Defendants deny the remaining averments in Paragraph 338 of Plaintiffs' Amended Complaint.

241.    Defendants deny the averments in Paragraph 339 of Plaintiffs' Amended Complaint.

242.    Defendants deny the averments in Paragraph 340 of Plaintiffs' Amended Complaint.

243.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 341 of Plaintiffs' Amended Complaint, which are overly vague and do not identify the referenced "accommodation," and therefore Defendants deny the same.

244.    Defendants deny the averments in Paragraph 342 of Plaintiffs' Amended Complaint.

245.    Defendants are without knowledge or information as to the truth of the averments in Paragraph 343 of Plaintiffs' Amended Complaint, which are overly vague and do not identify the referenced "policies," and therefore Defendants deny the same.

246.    Defendants deny the averments in Paragraph 344 of Plaintiffs' Amended Complaint.

247.    Defendants deny the averments in Paragraph 345 of Plaintiffs' Amended Complaint.

248.    Defendants admit that Lauren Carter was discharged based upon the acts of a third party, her father, Plaintiff Gregory Carter. Defendants deny the remaining averments in Paragraph 346 of Plaintiffs' Amended Complaint.

24

249.    Defendants deny the averments in Paragraph 347 of Plaintiffs' Amended Complaint.

250.    Defendants deny the averments in Paragraph 348 of Plaintiffs' Amended Complaint.

### NINTH THROUGH SIXTEENTH CAUSES OF ACTION

251.    Plaintiffs' Ninth through Sixteenth Causes of Action, Paragraphs 349 through 364 of Plaintiffs' Amended Complaint, have been dismissed by the Court pursuant to Fed.R.Civ.P. 12(b)(6) and therefore do not require an answer. To the extent any answer is still required, Defendants incorporate their answers to the preceding paragraphs as if fully rewritten herein and deny the averments in Paragraphs 349 through 364 of Plaintiffs' Amended Complaint.

### AFFIRMATIVE DEFENSES

1.    Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted against Defendants.

2.    Defendants state that Plaintiffs' claims are barred by the applicable statute of limitations and applicable statute of repose.

3.    Plaintiffs lack legal standing to assert the claims contained in their Amended Complaint and are not entitled to recover on their Amended Complaint.

4.    If Plaintiffs suffered any of the injuries, losses and damages alleged in Plaintiffs' Amended Complaint, then said injuries, losses and damages were a direct and proximate result of a responsible, superseding, intervening cause.

5.    If Plaintiffs suffered any of the injuries, losses and damages alleged in Plaintiffs' Amended Complaint, the said injuries, losses and damages were caused solely by the acts or omissions of persons other than the Defendants and over whose conduct Defendants had no control, right to control, responsibility or reason to anticipate.

25

6.     If Plaintiffs suffered any of the injuries, losses and damages alleged in Plaintiffs' Amended Complaint, then said injuries, losses and damages were a direct and proximate result of Plaintiffs' own negligence or contributory conduct.

7.     One or more of the claims expressly or impliedly set forth by Plaintiffs in the Amended Complaint was not brought in the name of the real party in interest pursuant to Fed R. Civ. P. 17(A). Further, Plaintiffs have not brought this lawsuit against proper parties in that one or more proper and essential real parties in interest are not currently a defendant(s) in this action.

8.     Plaintiffs have failed to join necessary and indispensable parties pursuant to Fed. R. Civ. P. 19 or 19.1.

9.     Plaintiffs are not the real Party in interest to some or all of the damages sought.

10.    Plaintiffs have failed to make a reasonable effort to mitigate their alleged damages.

11.    Alternatively, Plaintiffs' alleged damages have been fully mitigated.

12.    Plaintiffs' Amended Complaint is barred by the doctrine of waiver.

13.    Plaintiffs' Amended Complaint is barred by the doctrine of release.

14.    Plaintiffs' Amended Complaint is barred by the doctrine of estoppel.

15.    Plaintiffs' Amended Complaint is barred by the doctrine of laches.

16.    Plaintiffs' Amended Complaint is barred by the doctrine of unclean hands.

17.    Plaintiffs' claims are barred by the failure of an express condition precedent.

18.    Some or all of Plaintiffs' claims are barred due to lack of subject-matter jurisdiction.

19.    Plaintiffs' claims are barred because the alleged acts and/or omissions of Defendants were privileged.

20.    Plaintiffs' claims are barred because Defendants had legitimate, non-discriminatory reasons for their actions and/or omissions.

26

21.     Plaintiffs' claims are barred because the requested relief would result in a severe, undue burden on Defendants.

22.     Plaintiffs' claims are barred because the requested relief would drastically change the fundamental nature of Defendants' business and services.

23.     Plaintiffs' claims are barred because the requested relief would create a direct threat to the health and safety of others that cannot be mitigated.

24.     Defendants reserve the right to raise such additional affirmative defenses as may be established during discovery and by the evidence in this case.

WHEREFORE, having fully answered, Defendants pray that this action be dismissed and/or that judgment be entered in favor of Defendants and against Plaintiffs, with costs to Plaintiffs, and for such further relief as may be just and equitable and to which the Defendants may be entitled.

### JURY DEMAND

A trial by jury of the maximum number of jurors allowable by law is hereby demanded.


*/s/ Joseph F. Petros III*
Joseph F. Petros III (0088363)

27

Respectfully submitted,

/s/ Joseph F. Petros III
Joseph F. Petros III (0088363)
Christopher G. Kuhn (0082822)
Brendan M. Richard (0085912)
ROLF MARTIN LANG LLP
31105 Bainbridge Road, Suite 4
Cleveland, Ohio 44139
(216) 682-2130 (Telephone)
(216) 682-7623 (Facsimile)
Petros@RolfLaw.com
Kuhn@Rolflaw.com
Richard @RolfLaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed, and the Parties were served via this Court's electronic filing system on May 19, 2026.  A courtesy copy was also served via email upon the following:

Michela Huth
Michelahuth.esq@gmail.com

Richard Bruce Rosenthal
richard@thedoglawyer.com

*Attorneys for Plaintiffs*

/s/ Joseph F. Petros III
Joseph F. Petros III (0088363)

28